14-4612
Jiang v. Lynch

BIA
A200 601 917

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

LING LING JIANG,
        *Petitioner,*

        v.                                          14-4612
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Mona Liza Fabular Lao, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jennifer P. Levings, Senior Litigation Counsel; Jennifer R. Khouri, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Ling Jiang, a native and citizen of the People's Republic of China, seeks review of a November 20, 2014, decision of the BIA denying her motion to reopen. *In re Ling Ling Jiang,* No. A200 601 917 (B.I.A. Nov. 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). A movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper basis for declining to reopen. *See INS v. Abudu*, 485 U.S. 94, 104 (1988).

The BIA did not abuse its discretion.  The BIA reasonably gave diminished weight to the unsworn letters from Jiang's father and uncle and to the unsigned and unauthenticated village committee announcement.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to letter stating that Chinese authorities were looking for petitioner because the letter was unsworn and from an interested witness); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight accorded to documentary evidence is largely within agency's discretion); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).  Further, the village committee notice is handwritten, it is not signed by any official, and it is unclear why or how a notary public (as opposed to the issuing office or officer) would be able to authenticate that document after the fact.  Accordingly, Jiang failed to sustain her burden of demonstrating that she would be individually targeted because

3

of her religion. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142-43 (2d Cir. 2008).

Absent reliable evidence that she would be singled out for persecution, Jiang had to demonstrate a pattern or practice of persecution of Christians in China. 8 C.F.R. § 1208.13(b)(2)(iii). The remaining country conditions evidence did not establish that Jiang's alleged fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (setting forth requirement that fear be objectively reasonable). The country conditions reports reflected a large number of Christians practicing in China and that the treatment of those practitioners varies by region. Accordingly, the agency did not err in determining that Jiang failed to demonstrate systemic or pervasive persecution of similarly situated Christians sufficient to demonstrate a pattern or practice of persecution in China. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Hongsheng Leng*, 528 F.3d at 142-43; *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005).

Because Jiang failed to demonstrate her prima facie eligibility for relief, the BIA did not abuse its discretion in denying her motion to reopen. *See Abudu*, 485 U.S. at 104.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk